# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LeGRANTE V. ELLIS, | 1:07-cv-01351-LJO-WMW (PC) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| TILTON, et. al., | (Doc. 1) |
| Defendants. | |

**I.   SCREENING ORDER**

LeGrante V. Ellis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis. Plaintiff filed his complaint on September 17, 2007 – which is presently before the Court for screening.

    **A.   Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

1

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**B.    Summary of Plaintiff's Complaint**

Plaintiff is a state prisoner at Correctional Training Facility ("CTF") in Soledad, California. The acts he complains of occurred while he was imprisoned at North Kern State Prison ("NKSP") and Kern Valley State Prison ("KVSP") in Delano, California.

Plaintiff names as defendants: (1) CDCR personnel -- Director James Tilton and Facility Captain P. Enriquez; (2) NKSP personnel -- Warden Doe 1, Chief Medical Officer Doe 2, and M. Salum, R.N.; and (3) KVSP personnel -- Warden M. Knowles, Chief Medical Officer Doe 3, AGAP/MAD A. Hooper, Health Care Managers A. Sayed, M.D. and S. Zamora, M. Spaeth, M.D., J. Akanno, M.D., and Does 4-10.

Plaintiff alleges that on August 5, 2005, while housed at NKSP, he injured his left knee. He was seen and examined by a prison doctor (not named as a defendant) who prescribed medication and requested Plaintiff be referred for examination by an orthopedic surgeon. Even though the orthopedic examination had not occurred, Defendant Salum R.N. cleared Plaintiff for transfer noting "no current medical" and that he had "no meds on file." Plaintiff was transferred to KVSP, where he was seen by prison medical personnel, prescribed pain medications, a knee

1   brace, and MRI, and ultimately referred for orthopedic consultation and surgery.

2   Plaintiff seeks declaratory relief and monetary damages.

3   Plaintiff may be able to amend to correct deficiencies in his pleading so as to state a
4   cognizable claim. Plaintiff is given the applicable standards based on his factual statements and
5   leave to file a first amended complaint.

### C.   Pleading Requirements

#### 1. *Federal Rule of Civil Procedure 18(a)*

"The controlling principle appears in Fed.R.Civ.P. 18(a) 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's delineated claims that arose during his tenure at KVSP are related such that, when grouped in one pleading, they do not violate Rule 18(a). However, all of Plaintiff's other claims, against all other defendants, at other facilities, are not related and are hereby dismissed without prejudice for failing to comply with Rule 18(a). If Plaintiff chooses to pursue his other claims, he must file separate pleadings/complaints for each unrelated claim against different defendants at different facilities. Plaintiff is advised that if he chooses to file an amended complaint, and fails to comply with Rule 18(a), the Court will count all frivolous/noncognizable unrelated claims that are dismissed therein as strikes such that he may be barred from filing in forma pauperis in the future.

#### 2. *Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

3

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff names a number of persons as defendants whom he fails to link to any of his factual allegations – to wit: CDCR Director, James Tilton; CDCR Facility Captain P. Enriquez; NKSP Warden Doe 1; NKSP CMO Doe 2; KVSP Warden M. Knowles; KVSP CMO Doe 3; KVSP AGAP/MAD A. Hooper; KVSP Health Care Managers A. Sayed, M.D. and S. Zamora; and KVSP personnel Does 4-10. These named defendants are dismissed for Plaintiff's failure to link them to any affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

### D. Claims for Relief

#### 1. *Deliberate Indifference to Serious Medical Needs*

Plaintiff alleges that all of the named defendants were deliberately indifferent to his serious medical needs since it took over a year for him to receive orthopedic evaluation and knee surgery.

Where a prisoner's Eighth Amendment claim is one of inadequate medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Such a

claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1991). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (*quoting* Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he or she must then show that prison officials responded to the serious medical need with deliberate indifference. Farmer, 511 U.S. at 834. Deliberate indifference can be manifested by prison guards intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Estelle, 429 U.S. at 104-05. "However, the officials' conduct must constitute ' " 'unnecessary and wanton infliction of pain' " ' before it violates the Eighth Amendment. Hallett v. Morgan 296 F.3d 732, 745 (2002) quoting Estelle, 429 U.S. at 104, 97 S.Ct. 285 (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)); see also Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir.1998).

The only named defendants that Plaintiff links to his medical care at KVSP in his factual allegations are Dr. Spaeth and Dr. Akanno.

Plaintiff alleges that Dr. Spaeth: (1) told Plaintiff she would check on the prior physicians' orthopedic referrals, (2) ordered an MRI of his knee; and (3) ordered a knee brace for Plaintiff to use in the interim. When the MRI results were within normal limits, Dr. Spaeth opined that Plaintiff did not need the knee brace.(Doc. 1, pp. 25-26.)

Subsequently, Dr. Akanno saw Plaintiff and advised him that his MRI results were within normal limits and dismissed Plaintiff despite Plaintiff advising Dr. Akanno that his knee had been in constant pain ever since the initial injury, that it had locked up on him twice, that he had trouble getting around, and that prior physicians at both KVSP and NKSP had requested that he

receive orthopedic evaluation. At a subsequent appointment, Dr. Akanno advised Plaintiff that he had located the prior physicians' requests for Plaintiff to be seen by an orthopedic specialist and that Plaintiff was scheduled to be seen in September 2006 for orthopedic evaluation. Plaintiff was not seen by an orthopedic surgeon in September. When he was again seen by Dr. Akanno in October of 2006, Dr. Akanno said Plaintiff should have already had his orthopedic consultation, made a few phone calls, and told Plaintiff that he confirmed that Plaintiff was scheduled to be seen by an orthopedic surgeon, but was unable to tell Plaintiff the exact date as "they don't tell doctors the scheduling dates." Plaintiff saw an orthopedic surgeon in November of 2006. (Id. pp. 26-29.)

None of these allegations show that either Dr. Spaeth, or Dr. Akanno, acted with deliberate indifference to Plaintiff's serious medical condition. Obviously Plaintiff's knee condition, which required surgery, was a serious medical condition. Plaintiff's allegations against Dr. Spaeth and Dr. Akanno might be sufficient to proceed against them for negligence, but this does not amount to cognizable constitutional violations. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (*citing* Estelle, 429 U.S. at 105-06). See also Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.2004).

Further, Plaintiff fails to state any allegations to show that he sustained additional harm from the delay in obtaining the orthopedic evaluation and surgery. Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from delay, a plaintiff must show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir.1994) (*per curiam*); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985) (*per curiam*).

Plaintiff's claims against Dr. Spaeth and/or Dr. Akanno are not cognizable as they fail to show that either doctor engaged in any affirmative action, or omission, in a manner that was deliberately indifferent to Plaintiff's serious medical condition.

**2.** *Supervisory Liability*

Plaintiff names the following supervisorial personnel as defendants: CDCR Director, James Tilton; CDCR Facility Captain P. Enriquez; NKSP Warden Doe 1; NKSP CMO Doe 2; KVSP Warden M. Knowles; KVSP CMO Doe 3; and KVSP AGAP/MAD A. Hooper; KVSP Health Care Managers A. Sayed, M.D. and S. Zamora.

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

As discussed above, Plaintiff fails to link CDCR Director, James Tilton; CDCR Facility Captain P. Enriquez; NKSP Warden Doe 1; NKSP CMO Doe 2; KVSP Warden M. Knowles; KVSP CMO Doe 3; and KVSP AGAP/MAD A. Hooper; KVSP Health Care Managers A. Sayed, M.D. and S. Zamora to any affirmative acts or omissions that amount to violations of his federal rights. Thus, Plaintiff fails to state a cognizable claim against any of these defendants as he has not alleged any facts indicating that any of these supervisorial defendants personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"

Hansen v. Black at 646.

### 3. *Declaratory Relief*

Plaintiff requests that this Court grant Plaintiff "a declaration that the acts and omissions described herein violated Plaintiff's rights under the Constitution and laws of the United States." (Doc. 1, pg. 3.)

"A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that defendants violated Plaintiff's rights is unnecessary.

## II.  CONCLUSION

For the reasons set forth above, Plaintiff's complaint is dismissed, with leave to file an amended complaint within thirty days. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.

Plaintiff must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal

rights. Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Plaintiff is further advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order; and
4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

**Dated:   January 12, 2009**            /s/  **William M. Wunderlich**
                                         UNITED STATES MAGISTRATE JUDGE