# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGRANTE V. ELLIS,<br><br>                Plaintiff,<br><br>    v.<br><br>JAMES E. TILTON, et al.,<br><br>                Defendants.<br>_____/ | CASE NO. 1:07-cv-01351-LJO-YNP PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION<br><br>(Doc. 15)<br><br>RESPONSE DUE WITHIN 30 DAYS |

Plaintiff LeGrante V. Ellis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and was incarcerated at North Kern State Prison ("NKSP") and subsequently transferred to Kern Valley State Prison ("KVSP") during the events in his complaint. Plaintiff is suing under section 1983 for the violation of his rights under the Eighth Amendment. Plaintiff names medical doctors Dr. M. Spaeth and Dr. J. Akanno as defendants. For the reasons set forth below, the Court finds that Plaintiff's complaint does not state any cognizable claims and recommends that this action be dismissed with prejudice for failure to state a claim.

**I.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.   Background**

    **A.   Procedural Background**

Plaintiff filed the Original Complaint in this action on September 17, 2007. (Doc. #1.) On January 12, 2009, Plaintiff's Original Complaint was screened pursuant to 28 U.S.C. § 1915A. (Doc. #10.) The Court found that Plaintiff's Original Complaint failed to state any claims and dismissed the complaint with leave to file an amended complaint. Plaintiff filed his First Amended Complaint on March 13, 2009. (Doc. #15.) This action proceeds on Plaintiff's First Amended Complaint.

///

///

**B.     Factual Background**

Plaintiff claims that Defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment of the U.S. Constitution by withholding medical treatment for his left knee injury. Plaintiff injured his left knee on August 5, 2005 while coming down some stairs at NKSP. Doctor Iway at NKSP examined Plaintiff and determined that Plaintiff had a possible torn meniscus tendon in his left knee. Iway filled out a form requesting that Plaintiff receive an orthopedic referral. However, Plaintiff was transferred to KVSP before the referral took place.

On October 6, 2005, Plaintiff received an initial health screening at KVSP. Plaintiff informed the screening nurse about the left knee injury and Iway's recommendations. The nurse told Plaintiff that he would be examined within 72 hours by a medical doctor. Plaintiff was examined October 19, 2005 by Dr. William McGuiness. Plaintiff told McGuiness that the pain in his knee was getting worse and was having difficulty getting around and performing everyday activities. Plaintiff also informed McGuiness about Iway's recommendations for an orthopedic consultation. After McGuiness completed the examination, he filled out the necessary forms requesting an orthopedic referral for Plaintiff. Plaintiff was also prescribed pain medication.

After 30 days passed without Plaintiff receiving an orthopedic consultation, Plaintiff began submitting health care requests because his condition was getting worse. On December 9, 2005, Plaintiff was examined by Defendant Spaeth. Plaintiff informed Spaeth of the details of his injury, including the increased pain in his knee and the prior recommendations from Iway and McGuiness to receive an orthopedic consultation. Plaintiff also told Spaeth that he had previously been given a knee brace that helped alleviate the pain, but the brace had been lost during Plaintiff's transfer from NKSP to KVSP. Spaeth noted Plaintiff's comments and told Plaintiff that she would prescribe pain medication, order a knee brace, and order an MRI. Some time between January 10, 2006 and February 27, 2006, Spaeth cancelled the order for Plaintiff's knee brace because the MRI came back and indicated that Plaintiff's left knee was "within 'normal' limits." (Compl. 7:1-7.)

On February 28, 2006, Plaintiff informed Defendant Akanno that he was having a difficult time getting around and was experiencing chronic knee pain. Plaintiff requested an orthopedic consult as recommended by Iway and McGuiness, as well as a knee brace. In his report, Akanno

3

wrote that Plaintiff refused to believe that his MRI indicated that his left knee was "within the realm of normalcy." (Compl. 8:25-28.) Plaintiff complains that Akanno did not examine Plaintiff during the appointment and therefore inappropriately denied Plaintiff's requests. Plaintiff was not seen again by Akanno until August 4, 2006 despite filling out numerous health care request forms.

### III. Discussion

Plaintiff claims that Spaeth and Akanno's conduct constituted cruel and unusual punishment in violation of Plaintiff's rights under the Eighth Amendment of the U.S. Constitution. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious", Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind", Id. (quoting Wilson, 501 U.S. at 298). The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities". Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he/she "knows of and disregards an excessive risk to inmate health or safety". Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

"[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle v. Gamble, 429 U.S. 97, 105 (1976). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (quoting Estelle, 429

U.S. at 104). Delay of medical treatment can amount to deliberate indifference. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); McGuckin, 974 F.2d at 1059; Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Isolated occurrences of neglect do not constitute deliberate indifference to serious medical needs. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992); O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990).

Plaintiff's factual allegations do not support his conclusion that Spaeth and Akanno acted with deliberate indifference. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). The deliberate indifference standard is only met if Spaeth and Akanno had actual knowledge that their decision would pose a substantial risk of serious harm to Plaintiff. It is not an Eighth Amendment violation if Spaeth and Akanno should have known of the risk, or if Spaeth and Akanno were negligent. Plaintiff alleges that Spaeth and Akanno denied Plaintiff's requests for an orthopedic consult and a knee brace because their interpretation of an MRI showed that Plaintiff's left knee was normal. Plaintiff alleges that Spaeth and Akanno should have known that their decision would pose a serious risk to Plaintiff's health because it conflicted with the recommendations of Iway and McGuiness. However, the difference of opinion is not sufficient to rise to the level of an Eighth Amendment violation. Further, Spaeth and Akanno apparently based their decision on the results of an MRI that Iway and McGuiness never saw, thus Plaintiff's comparison is flawed. Even assuming that Spaeth and Akanno's decisions were erroneous, Plaintiff has at most established that they were medically negligent. Medical negligence does not rise to the level of an Eighth Amendment violation. Plaintiff
///

fails to state a claim against Defendants Spaeth and Akanno for deliberate indifference to his medical needs.

Plaintiff was previously informed of the deficiency in his Eighth Amendment claims against Defendants Spaeth and Akanno. (Order Dismissing Compl. With Leave To Amend 4:22-6:28.) Plaintiff was specifically informed that his allegations against Spaeth and Akanno at most amounted to negligence, and that negligence is not sufficient to state an Eighth Amendment violation. Because Plaintiff was specifically informed of the deficiencies in his claim, given leave to amend to cure the deficiencies, and his amended complaint did not cure the deficiencies, the Court finds that Plaintiff's claims are not curable by further leave to amend. Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (recognizing longstanding rule that leave to amend should be granted when it appears at all possible that the plaintiff can correct the defect). The Court recommends that Plaintiff's complaint be dismissed with prejudice for failure to state a claim.

**IV.  Conclusion and Recommendation**

Plaintiff's complaint does not state any cognizable claims under section 1983. Plaintiff claims that Defendants Spaeth and Akanno erroneously denied Plaintiff's request for an orthopedic consult and a knee brace based on their interpretation of an MRI of Plaintiff's left knee. Plaintiff's allegations at most suggest that Spaeth and Akanno acted with negligence, which is not sufficient to state a claim for violation of the Eighth Amendment. Plaintiff was previously informed of the deficiencies in his claim and his amended claim failed to cure those deficiencies. The Court finds that the deficiencies in Plaintiff's claims are not capable of being cured with further leave to amend.

Based on the foregoing, the Court HEREBY RECOMMENDS that this action be dismissed with prejudice for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

///

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   September 25, 2009**               /s/ **Gary S. Austin**
                                             UNITED STATES MAGISTRATE JUDGE