IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LeGRANTE ELLIS,

      Plaintiff,                      1: 07 CV 01351 LJO MJS (PC)

      vs.                              ORDER RE MOTION (DOC 25)

JAMES E. TILTON, et al.,

      Defendants.

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Plaintiff's motion for reconsideration of the October 29, 2009, order dismissing this action for failure to state a claim upon which relief could be granted.

      Plaintiff seeks reconsideration of the order adopting the findings and recommendations of the Magistrate Judge and dismissing this action. The recommendation of dismissal was based on Plaintiff's failure, in the March 13, 2009, first amended complaint, to allege facts sufficient to state a claim for relief. Plaintiff alleged that he was subjected to inadequate medical care, such that it constituted deliberate indifference to a serious medical need, in violation of the Eighth Amendment's prohibition on cruel and unusual punishment. The Magistrate Judge found that the first amended complaint failed to state a claim for relief. Specifically, the Magistrate Judge

1  found that Plaintiff was previously informed of the deficiencies in his complaint, and the
2  amended complaint failed to cure those deficiencies.  The Magistrate Judge found that the
3  deficiencies were not capable of being cured with further leave to amend.
4        Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the
5  district court.  The rule permits a district court to relieve a party from a final order or judgment
6  on the grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an
7  adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment."
8  Fed.R.Civ.P. 60(b).  The motion for reconsideration must be made within a reasonable time, in
9  any event, "not more than one year after the judgment, order, or proceeding was entered or
10 taken." Id.
11       Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick
12 Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir.
13 1983)(en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to
14 induce the court to reverse its prior decision.  See e.g., Kern-Tulare Water Dist. v. City of
15 Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other
16 grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988).  The Ninth Circuit has
17 held that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding
18 clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir.
19 1986), quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981).  Accordingly, "the
20 clause is reserved for 'extraordinary circumstances.'" Id.
21       In his motion, Plaintiff disagrees with the finding that the first amended complaint
22 fails to state a claim for relief.  The court notes that on October 23, 2009, Plaintiff filed
23 objections to the findings and recommendations.   The court considered the objections in the
24 October 29, 2009, order adopting the findings and recommendations.  In his motion for
25 reconsideration, Plaintiff restates the arguments set forth in his objections to the findings and
26

1  recommendations.  In the present case, the court finds that the above standard has not been met.

2  Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration of the

3  October 29, 2009, order adopting the findings and recommendations and dismissing this action is

4  denied.

6      IT IS SO ORDERED.

7  **Dated:    April 22, 2010**                                        /s/ Lawrence J. O'Neill
                                                        UNITED STATES DISTRICT JUDGE